ment phrase therein from its environment, so that in §31 of Acts 1919 p. 158, it is independently specified, the Centlivre case is not in point. But an examination of the section constrains us to hold that there is no change in the meaning of the phrase that abrogates the force of said decision. On its authority the award is affirmed.

## Conrad *v.* Nichols.

[No. 11,199.   Filed February 1, 1922.]

From Newton Circuit Court; *George A. Williams*, Judge.

Action between Jennie M. Conrad and John Nichols. From the judgment rendered, the former appeals. *Affirmed.*

*Terrence B. Cunningham* and *Ulric Z. Wiley*, for appellant.

Per Curiam.—Judgment affirmed.

## Williams et al. *v.* Southern Indiana Power Company.

[No. 11,056.   Filed February 16, 1922.]

From Lawrence Circuit Court; *James A. Cox*, Judge.

Action between Sarah J. Williams and others and the Southern Indiana Power Company. From the judgment rendered, the former appeal. *Affirmed.*

*Robert S. Mellen*, for appellants.
*Boruff & Boruff* and *Hottel & Patrick*, for appellees.

Per Curiam.—Judgment affirmed.

## Bozarth *v.* Dodd, Mead and Company.

[No. 11,258.   Filed March 8, 1922.]

From Porter Superior Court; *Harry L. Crumpacker*, Judge.

Action between Nelson J. Bozarth and Dodd, Mead and Company. From the judgment rendered, the former appeals. *Affirmed.*

*N. J. Bozarth*, for appellant.
*Ira C. Tilton* and *Owen L. Crumpacker*, for appellee.

Per Curiam.—Judgment affirmed.